IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MIESHA OMAR PORTER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CIVIL ACTION NO.: CV505-039 <br><br> Case No. CR503-18 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Meisha Porter ("Porter"), an inmate currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, has filed an action pursuant to 28 U.S.C. § 2255 requesting that he be re-sentenced. The Government filed a Response.

## STATEMENT OF THE CASE

Porter pleaded guilty to one count of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), in this District. On April 28, 2004, the Honorable William T. Moore, Jr., sentenced Porter to 97 months' imprisonment, four years' supervised release, and imposed a $100 special assessment. Judgment was entered on April 30, 2004. Porter did not file a direct appeal.

In the instant motion, Porter, through counsel, asserts that, since the time he was sentenced, the Supreme Court has concluded that the United States Sentencing Guidelines are unconstitutional as written and courts are not bound by them. Porter cites as support of this assertion United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Porter alleges that he should be re-sentenced based on the Booker decision.

AO 72A
(Rev. 8/82)

The Government avers that Porter has procedurally defaulted his claims because he did not raise his Booker claim at sentencing or on appeal. The Government also avers that sentencing guidelines challenges are not cognizable on collateral review. Finally, the Government avers that Porter's conviction became final before the Supreme Court decided Booker, and that this case is not retroactively applicable to cases on collateral review.

### DISCUSSION AND CITATION OF AUTHORITY

Porter was sentenced in this District on April 28, 2004, and judgment was entered on April 30, 2004. (CR503-18, Doc. No. 39.) Petitioner did not file an appeal. (Mot., p. 2; Resp., p. 3.) Porter's conviction became final ten days after judgment was entered. FED. R. APP. P. 4(b)(1)(A); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Thus, Porter's conviction became final on May 14, 2004. FED. R. APP. P. 26(a)(2). Booker was decided on January 12, 2005. Booker is not available to Porter, as Booker is not retroactively applicable to § 2255 cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). It is unnecessary to address the remaining grounds of the Government's Response.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Porter's motion for re-sentencing, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)